IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:09-CR-114-BO
NO. 7:12-CV-166-BO

| | |
|---|---|
| DEMETRIUS ANTIWAN POWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 39] and the government's motion to dismiss [DE 45]. For the reasons stated herein, respondent's motion is GRANTED and petitioner's § 2255 motion is DISMISSED.

## BACKGROUND

On August 28, 2009, the grand jury issued an indictment charging petitioner with one count of possession with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). [DE 1]. On November 17, 2009, petitioner pled guilty pursuant to a plea agreement. [DE 20]. On February 25, 2010, petitioner was sentenced to 151 months' imprisonment and three years' supervised release. [DE 25]. Petitioner appealed his sentence and on April 26, 2011, the Fourth Circuit dismissed petitioner's appeal.

On June 14, 2012, petitioner timely filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner alleges that he received ineffective assistance of counsel in the pretrial and sentencing phases of his case and additionally argues that the Court

should correct his sentence in light of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

## DISCUSSION

I.  CAREER OFFENDER STATUS.

Petitioner raises two arguments in support of his contention that he is "actually innocent" of his career offender status.[1] First, he contends that one of the prerequisite convictions was not punishable by more than one year imprisonment and therefore is not properly considered a qualifying conviction under *Simmons*. Second, as to the same conviction, he contends that the offense to which he pled guilty was a lesser offense and that he did not actually plead guilty to an offense that qualifies as a predicate to career offender status.

First, petitioner has procedurally defaulted on his career offender status claim. Under the procedural default rule, "claims not raised on direct appeal may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). An exception to this rule exists when a petitioner can demonstrate "cause and prejudice." *United States v. Pettiford*, 612-F.3d 270, 280 (4th Cir. 2010). Here, petitioner appealed his sentence, but did not raise a *Simmons* claim and did not raise a claim based on the predicate offense not being a qualifying offense for career offender status. Thus petitioner's claim is barred as he has not demonstrated that an exception applies. Although *Simmons* had not yet been decided when petitioner appealed, precursor cases had been[2] and the argument, although it had not yet been formulated and decreed as correct by the Fourth Circuit, was available to petitioner. Therefore, his *Simmons* claim is properly determined to be procedurally barred.

---

[1] Although, the last issue petitioner raises in his § 2255 motion, the Court considers this claim first as his ineffective assistance claims are based on the inapplicability of petitioner's career offender status.

[2] Namely *United states v. Rodriguez*, 553 U.S. 377 (2008) which held that a recidivist finding could set the "maximum term of imprisonment" only when the finding is part of the record of conviction. *Id.* at 389.

2

Additionally, notwithstanding petitioner's procedural default, petitioner's challenge to his career offender status is barred by the waiver in his plea agreement. [*See* DE 20 at ¶ 2]. Petitioner waived his right to challenge this Court's application of the advisory sentencing guidelines both on direct appeal, and in the instant § 2255 proceeding. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (holding that defendant "may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary"). By seeking to challenge the correctness of his career offender status, petitioner seeks to challenge his sentence and does not seek post-conviction relief under the two exceptions provided for by the plea agreement – ineffective assistance of counsel or prosecutorial misconduct. As such, petitioner has waived the right to pursue his challenge to his career offender status here.

II.     INEFFECTIVE ASSISTANCE OF COUNSEL.

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner raises six alleged shortcomings on the part of his defense attorney which he argues amount to ineffective assistance of counsel: (1) failure to conduct adequate pre-sentence investigation; (2) failure to negotiate a binding or stipulated plea agreement; (3) failure to advise

3

petitioner of the applicable guidelines range; (4) failure to challenge petitioner's North Carolina state conviction for "possession with intent to sell and deliver cocaine" as a predicate felony for career offender status; (5) failure to challenge petitioner's North Carolina state conviction for "maintain a vehicle, dwelling or place for controlled substance" as a predicate felony for career offender status; and (6) failure to move for a downward departure based on an alleged overstatement of criminal history as a career offender and based on the disparity in the applicable guideline range with and without the career offender enhancement.

Petitioner's last three alleged shortcomings basically are claims that petitioner's counsel erred by not advancing arguments that career offender status should not apply to petitioner. However, counsel's "'[f]ailure to raise a meritless argument can never amount to ineffective assistance.'" *Nelson v. United States*, No. 5:10-CR-350-BR, 2012 WL 5879750, at *2 (E.D.N.C. Nov. 21, 2013) (quoting *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996)). The arguments petitioner advances are meritless because the Court properly utilized petitioner's May 2007 conviction for possession with intent to sell and deliver cocaine to sentence the defendant as a career offender.

Under § 4B1.1 of the advisory guidelines, the career offender enhancement applies if: (1) the defendant was at least 18 years old at the time the defendant committed the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). It is not in dispute that petitioner was 18 years old at the time of the instant offense or that the instant offense was a controlled substance offense. Petitioner only disputes that the May 2007 conviction is a predicate offense for career offender status. A controlled substance offense for the purposes of the career

4

offender enhancement is an "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2(b).

Here, petitioner faced up to 14 months' custody for the May 2007 offense and in fact received 11-14 months' custody for the offense. A review of the judicial records makes clear that the conviction for possession with intent to sell and deliver cocaine alone triggered the possible sentence and it was not influenced by grouping this offense with another, lesser offense. [DE 39-2]; N.C. Gen. Stat. §§ 15A-1340.13(b), 15A-1340.17(d). Therefore, petitioner was convicted of a crime "punishable" by a term exceeding one year as shown by the facts contained in petitioner's "state record of conviction" and the offense was a predicate offense. *Simmons*, 649 F.3d at 245–49.

Petitioner also attempts to argue that the May 2007 conviction cannot be a basis for the career offender enhancement because petitioner only plead guilty in 2007 to a "possession" offense, not a possession "with intent to distribute" offense. However, this Court was free to find from the bare language of petitioner's 2007 judgment that his prior conviction included the required "intent to distribute" element necessary to make it a controlled substance offense. *United States v. Washington*, 629 F.3d 403, 412 (4th Cir. 2011). Here, petitioner's judgment of conviction stated "PWISD Cocaine" [Possession with intent to sell and deliver cocaine]. Moreover court records as incorporated into the PSR indicated that petitioner's companion charges for trafficking in cocaine, conspiracy to traffic in cocaine, and various simple possession charges were dismissed. Although the underlying statute may provide for the prosecution of mere possession, it is clear from the records before the Court that that was not the case here and

5

petitioner was clearly convicted of possession with intent to sell and deliver cocaine, which qualifies as a prerequisite offense to trigger the career offender enhancement. *See Washington*, 629 F.3d at 413 (affirming the district court's finding that defendant had committed a controlled substance offense by looking to a certified copy of computer docket materials identifying the offense as "POSS W/INT to MANF/D," and the charging document).

Because it was clearly proper to find that the May 2007 conviction was a predicate offense that triggered the career offender enhancement, petitioner's claims of ineffective assistance of counsel based on failures to challenge the applicability of the career offender enhancement fail as such a challenge would have been futile.

Now the Court turns to petitioner's arguments that his counsel was ineffective for failing to conduct an adequate pre-sentence investigation and negotiate a binding plea agreement. These claims fail to satisfy the first prong of *Strickland*. Petitioner has not presented clear and convincing evidence that his counsel's conduct fell below the objectively reasonable standard. Further, his claims rest upon the bald assertion that his attorney allegedly advised him that the Guidelines would result in a sentence of no more than five years. This assertion is clearly belied by the wealth of evidence establishing the defendant's knowledge of the maximum sentence he faced, and the fact that his attorney's advise as to the Guidelines was not binding on this Court. The plea agreement clearly states that petitioner faced a maximum sentence of 20 years. [DE 20 at 4]. Petitioner also acknowledged that the Court was not bound by any promise or estimation of sentence someone else may have given him. [DE 20 at 5].

Finally, the Court considers petitioner's third argument – that his attorney failed to advise him of the advisory guideline range. This claim also fails to meet the first prong of *Strickland*. Once again, the language of the plea agreement and arraignment transcript belie this allegation.

[DE 20 at 4–5; DE 32 at 4–6]. Petitioner repeatedly acknowledged that by pleading guilty he could receive the maximum sentence of twenty years imprisonment. Petitioner acknowledged that the Court was not bound by any promise or estimation of his sentence someone else may have given him. Further, petitioner noted that he had not been coerced or promised anything other than what was in the plea agreement. In short, petitioner offers no evidence in support of his claim that the representation he received fell below an objective standard of reasonableness.

\* \* \*

Because petitioner either cannot bring his claims because they are procedurally barred and/or waived, or has failed to state a claim upon which relief may be granted, the Court must dismiss his § 2255 petition in its entirety.

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

7

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED and petitioner's §2255 petition is DISMISSED in its entirety. The Court hereby DENIES petitioner a certificate of appealability.

SO ORDERED.

This the $\cancel{26}$ day of August, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE